IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CESAR F. CARMONA,                         :       CIVIL NO. 1:CV-05-0022
       Petitioner                        :
                                                 :       (Chief Judge Kane)
      v.                                         :
                                                 :
TROY WILLIAMSON,                         :
       Respondent                      :

## MEMORANDUM and ORDER

Petitioner Cesar F. Carmona filed the instant petition for writ of habeas corpus action pursuant to 28 U.S.C. § 2241 on January 5, 2005. He is filed the petition while confined at the United States Penitentiary at Allenwood, Pennsylvania.[1] This matter proceeds on an amended habeas petition filed on January 21, 2005 (Doc. 4). Named as Respondent is Troy Williamson, the Warden at USP-Allenwood. Petitioner challenges the Bureau of Prisons' ("BOP") calculation of his federal sentence. He asserts that the BOP has wrongfully refused to credit his sentence for the period of time from November 28, 2000 through December 27, 2002, time spent in custody prior to his federal sentencing date. For the reasons that follow, the petition will be denied.

I.      Background

Petitioner was arrested on July 16, 2000 in Delaware for offenses which included first degree robbery, possession of a firearm, wearing a disguise and second degree conspiracy. (Doc. 10, Ex. 1 at 2.) On November 28, 2000, he was sentenced to an aggregate term of 8 years imprisonment in the New Castle County Superior Court, Wilmington, Delaware, for these offenses. Petitioner was awarded credit on this 8 year state sentence effective from July 16, 2000, the time of arrest.

---

[1] Petitioner has since been transferred to the United States Penitentiary at Canaan, Waymart, Pennsylvania (Doc. 17).

On October 5, 2001, Petitioner was produced from Delaware state custody pursuant to a federal writ of habeas corpus ad prosequendum. At that time, Delaware authorities still maintained primary custody over Petitioner, with federal officials assuming secondary custody over him. (Id. at 3.) On December 27, 2002, Petitioner was sentenced in the United States District Court for the District of Puerto Rico, to a term of 96 months for the offense of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Judgment and Commitment ordered that Petitioner was "to be imprisoned for a total term of NINETY SIX (96) months as to Count four (4) to be served concurrently with the sentence imposed in the State of Delaware." (Id. at 3-4.) Following his sentencing in federal court, Petitioner was returned to Delaware state officials to continue service of his previously imposed state sentence.

On December 12, 2003, Petitioner was released from his Delaware state sentence pursuant to an order which reduced his term of imprisonment to a period of three (3) years and six (6) months. He was released to federal custody to commence service of his federal sentence. The federal sentencing order was interpreted by the BOP as directing that Petitioner's federal sentence be served concurrently with his Delaware state sentence. Accordingly, the federal sentence was calculated by the BOP as commencing on the date it was imposed, December 27, 2002, and running continuously since that date. Petitioner has received credit towards service of his federal sentence from December 27, 2002, through the present. (Id. at 4-5.)

The BOP also reviewed Petitioner's case to determine whether he had any periods of detention which would qualify him for an award of jail time credit or "prior custody credit" pursuant to 18 U.S.C. § 3585(b). Petitioner's records reveal that all time he spent in official detention, beginning July 16, 2000 (the date of his arrest by state officials) through November 27, 2000 (the

2

date prior to being sentenced in state court), a total of 135 days of jail time credit, was awarded and credited toward Petitioner's state sentence. (Id. at 5-6.) Thus, under 18 U.S.C. § 3585(b), Petitioner was not entitled to receive credit toward his federal sentence for this period of time.

However, the BOP also reviewed this same period of time (July 16, 2000 through November 27, 2000) and determined that since Petitioner was in primary state custody and the federal judge ordered the federal sentence to be served concurrently with the state sentence, the BOP could utilize a "procedural application" for an award of prior custody credit pursuant to Willis v. U.S., 438 F.2d 923 (5th Cir. 1971). Pursuant to the Willis application, if the Federal Raw Expiration Full Term ("EFT") date exceeds the State EFT date, then all time spent in state custody up to the date prior to the first sentence being imposed can be awarded as jail time credit. For Petitioner's sentences, the raw EFT dates are May 27, 2004 for the State sentence as per the December 12, 2003 order, and December 26, 2010 for the Federal sentence. In applying the Willis procedure, an award of qualified credit was made in Petitioner's case for the period of time from July 16, 2000, through November 27, 2000.[2] Petitioner was also awarded additional jail time credit for one (1) day, July 7, 1999, pursuant to 18 U.S.C. § 3585(b), for an unrelated offense that occurred after the federal date of offense. (Id. at 8.)

With regard to the period of time from November 28, 2000, through December 27, 2002, the BOP is prohibited from awarding any credit to Petitioner's federal sentence by 18 U.S.C. § 3585(b) as this period was credited towards his state sentence. (Id., Ex. 1 at 7-8.)

II.     Discussion

---

[2] This application is commonly referred to as "Willis credit."

3

The authority to calculate a federal prisoner's period of incarceration for the sentence imposed, and to provide credit for time served is delegated to the Attorney General, who exercises it through the BOP. United States v. Wilson, 503 U.S. 329, 334-35 (1992). The BOP's decision is subject to judicial review under 28 U.S.C. § 2241. Id.; United States v. Brann, 990 F.2d 98, 103-04 (3d Cir. 1993). In addressing any sentencing computation issue, the following two considerations must be addressed: (1) when the federal sentence begins and (2) the time to be credited for custody prior to commencement of the federal sentence. Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa.), aff'd 100 F.3d 946 (3d Cir. 1996).

For offenses committed after November 1, 1987, the commencement of a federal sentence is governed by 18 U.S.C. § 3585(a), and prior custody credit is governed by 18 U.S.C. § 3585(b). Section 3585(a) provides as follows:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). A federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus ad prosequendum. Ruggiano v. Reish, 307 F.3d 11, 126 (3d Cir. 2002); Chambers, 920 F. Supp. at 622. This is so because the state remains the primary custodian in those circumstances.[3] A concurrent sentence commences on the date of its imposition, not on the date of commencement of the prior sentence or some earlier date. See Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983). Further, it is well established that a

---

[3] The jurisdiction which first arrests an offender has primary jurisdiction over the offender until that sovereign relinquishes it to another jurisdiction by, for example, bail release, dismissal of the state charges, parole release or the expiration of the state sentence. See Taylor v. Reno, 164 F.3d 440, 444 (9th Cir. 1998); Chambers, 920 F. Supp. at 622.

federal sentence cannot commence prior to the date it is imposed. 18 U.S.C. § 3585(a); U.S. v. Labeille-Soto, 163 F.3d 93, 98 (2nd Cir. 1998). As such, in the instant case, Petitioner's federal sentence commenced on December 27, 2002, the date it was imposed.

It next must be determined if Petitioner is due any credit for time spent in custody prior to the commencement of his federal sentence. 18 U.S.C. § 3585(b) addresses prior custody credit and provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

18 U.S.C. § 3585(b)(emphasis added).

Section 3585(b) authorizes credit for time served only if the time has not already been credited towards another sentence. See Chambers, 920 F. Supp. at 622. "Congress has made clear that a defendant could not receive double credit for his detention time." U.S. v. Wilson, 503 U.S. 329, 337 (1992).

There is no question that Petitioner was awarded credit for the period of time between his state arrest on July 16, 2000 and November 27, 2000, the day before his state sentence was imposed. (Doc. 10, Ex. 1 at 6.) This period was credited to Petitioner's sentence pursuant to BOP Program Statement 5880.28 and Willis v. U.S. As previously set forth, Willis permits double credit when a defendant's state sentence runs concurrently with a longer federal sentence. In those circumstances, time spent in presentence state custody up to the date the state sentence is imposed is credited

toward time served on the federal sentence even if the defendant is also receiving credit on his state sentence for the same period of time.  While Petitioner claims the BOP should have utilized a procedural application for an award of prior custody credit pursuant to the case of Kayfez v. Gisele, 993 F.2d 1288 (7th Cir. 1993), he is mistaken.  Under Kayfez, an award of jail time credit is only appropriate if the raw EFT of the state sentence exceeded the raw EFT of the federal sentence.  Such is clearly not the situation in the instant case, and therefore Kayfez is inapplicable.

Based on the foregoing, Petitioner has been awarded all credit to which he is entitled.  Accordingly, the petition for writ of habeas corpus will be denied.

III.    Order

**AND NOW**, this 23rd   day of October, 2006, upon consideration of the petition for writ of habeas corpus, **IT IS HEREBY ORDERED THAT:**

1.    The petition for writ of habeas corpus is **DENIED**.

2.    The Clerk of Court is directed to **CLOSE** this matter.

    s/ Yvette Kane
    YVETTE KANE, Chief Judge
    United States District Court